**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUSSELL JOHNSON** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:21-0322** |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **PA BD OF PROB ANDPAROLE,** | : | |
| **Respondents** | : | |
| | : | |

**MEMORANDUM**

Petitioner, Russell Johnson, an inmate confined in the Hazleton Federal Correctional Institution, Bruceton Mills, West Virginia, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a detainer lodged against him by the Pennsylvania Board of Probation and Parole ("the Board"). Id. The petition is ripe for disposition. For the reasons outlined below, the petition will be dismissed.

I.    **Background**

On August 2, 2011, Johnson was sentenced to thirty-two months to seven years' incarceration, after having pled guilty in the Fayette County Court of Common Pleas, to one count of Possession with Intent to Deliver a

Controlled Substance. (Doc. 9 at 12, Sentence Status Summary). Johnson's controlling minimum and maximum sentence dates at institution number KR-7534 were January 27, 2015 and July 27, 2018, respectively. Id.

On November 3, 2014, the Board issued an unexecuted conditional grant of parole, granting Johnson parole on, or after, January 27, 2015. (Doc. 9 at 16, Notice of Board Decision). On January 27, 2015, the Board paroled Johnson from his sentence to an approved home plan in Pittsburgh, Pa. (Doc. 9 at 20, Order to Release on Parole).

On June 6, 2017, Johnson, along with a number of other co-defendants, was indicted by a Federal Grant Jury in the United States District Court for the Western District of Pennsylvania and charged with Conspiracy to Distribute and Possession with Intent to Distribute Heroin. (Doc. 9 at 25, Superseding Indictment).

On June 21, 2018, in light of Johnson's federal criminal charges, the Board issued a warrant to commit and detain Johnson. (Doc. 9 at 36). On July 12, 2018 the Board's supervision staff filed a notice of charges due to Johnson's new criminal charges. (Doc. 9 at 38-43, Notice of Charges, Criminal Arrest, Disposition Report and Supervision History). By a decision dated July 23, 2018, the Board issued a decision to detain Johnson pending

- 2 -

the disposition of his criminal charges. (Doc. 9 at 45, Notice of Board Decision).

On October 3, 2018, the Board issued an Administrative Action, declaring Johnson delinquent for control purposes, after Johnson maxed out on his original sentence on July 27, 2018. (Doc. 9 at 47, Administrative Action).

On October 15, 2019, Johnson pled guilty in the United States District Court for the Western District of Pennsylvania, to one count of Conspiracy to Distribute Heroin and was sentenced to a 110-month term of imprisonment. (Doc. 9 at 49, Judgment).

On November 15, 2019, the Board lodged its warrant as a detainer against Johnson while serving his federal sentence. (Doc. 9 at 57, Warrant).

On May 20, 2020, Johnson filed a "Request for Final Disposition of Warrant, Detainer, Information under the Appropriate Rules" in the Fayette County Court of Common Pleas, seeking disposition of his pending Warrant). (Doc. 1 at 4). By letter dated June 2, 2020, the Court of Common Pleas forwarded Johnson's petition to Johnson's attorney, stating an attorney must make a motion to withdraw pursuant to Pa.R.Crim.P. 120(B)(1). (Doc. 1 at 3).

On September 14, 2020, the Board reviewed Johnson's petition and notified him of the following:

> You are currently unavailable to our detainer. When you are released from your current confinement, you will be returned for violation of parole. Our detainer will not be lifted but will remain in place to assure your return to a state correctional institution. At that time, you will be offered a formal hearing for violation of parole. We have no objections to your participation in any rehabilitative programs available to you.

(Doc. 1 at 2).

On February 22, 2021, Johnson filed the instant petition for writ of habeas corpus, requesting this Court to direct the Board to "either take custody or remove the lodged detainer." (Doc. 1).

## II.    Discussion

A parolee facing revocation of parole has a conditional constitutional liberty interest in remaining free. See Morrissey v. Brewer, 408 U.S. 471, 483-84 (1972). Due process requires that a parole revocation hearing be held "within a reasonable time after the parolee is taken into custody." Id. at 488. A defendant generally is entitled to two separate hearings prior to revocation of parole or probation. See Gagnon v. Scarpelli, 411 U.S. 778, 782, 786 (1973). The purpose of the first, pre-revocation hearing (a Gagnon I hearing) is to determine that probable cause exists to believe that a violation

- 4 -

has been committed. Commonwealth v. Ferguson, 761 A.2d 613, 617 (Pa. Super. Ct. 2000). The second, "more comprehensive hearing" (a Gagnon II hearing), is to determine whether facts exist to justify revocation of parole or probation. Id.

"However, the [revocation] hearing requirement is 'not triggered when the warrant is placed as a detainer at an institution where the ... parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release.' " Singleton v. Superintendent Camp Hill, 747 F. App'x 89, 93 (3d Cir. 2018) (quoting United States v. Wickham, 618 F.2d 1307, 1309, n.3 (9th Cir. 1979)). Rather, the duty to provide a revocation hearing arises only when the parolee "is taken into custody as a parole violator by execution of the warrant," because "execution of the warrant and [consequent] custody under that warrant [is] the operative event triggering any loss of liberty attendant upon parole revocation." Id. (citing Moody v. Daggett, 429 U.S. 78, 87, 89 (1976)).[1]

---

[1] "[T]he lodging of a detainer does not amount to execution of the warrant. A detainer is designed merely to provide notice to the institution of confinement that a warrant has been issued and that the [government] intends to consider the question of parole revocation at a later date. The operative event triggering any loss of liberty attendant upon parole revocation is the execution of the warrant and the concomitant assumption of custody of the parolee." Bradley v. United States Parole Comm'n, Civ. A. No. 15-247, 2017 WL 2604267, at *3 (M.D. Pa. May 23, 2017) (internal citations and quotations

(footnote continued on next page)

Pursuant to the Pennsylvania Parole Board's administrative regulations, "[i]f the parolee is in custody in another state, or in Federal custody, the Board may lodge its detainer, but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." 37 Pa. Code §71.5; see also id. at §71.4(1)(i) (if a parolee is confined outside the jurisdiction of the Pennsylvania Department of Corrections, a revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a state correctional facility). Indeed, the Board advised Johnson in its response to his inquiry that upon completion of Johnson's federal sentence, and the execution of the parole warrant, he would be returned to a Pennsylvania state facility where he would receive a parole revocation hearing. (See Doc. 1 at 2.)

Until his release from federal custody, Johnson's denial of liberty is the result of his federal conviction on other charges, and not the lodging of the detainer for the Pennsylvania parole violation warrant. Accordingly, the due process protections of Morrissey have not yet been triggered. See Singleton, 747 F. App'x at 93 (Singleton was in custody pursuant to his subsequent Pennsylvania charges, not as a violator of his New York probation, and thus,

---

omitted), report and recommendation adopted, Civ. A. No. 15-247, 2017 WL 2592403 (M.D. Pa. June 15, 2017).

his due process right to a prompt probation revocation hearing was not triggered until he was taken into custody by New York after pleading guilty to his Pennsylvania crimes); Underwood v. Pennsylvania Bd. of Prob. & Parole, Civ. A. No. 19-1634, 2021 WL 1197697, at *4 (M.D. Pa. Mar. 30, 2021) (civil rights plaintiff's due process rights were not triggered while in federal custody because state parole warrant had not yet been executed); see also Sellers v. Pennsylvania Bd. of Prob. & Parole, Civ. A. No. 19-4666, 2020 WL 8968104, at *3 (E.D. Pa. Sept. 23, 2020) (finding due process claim brought in §2254 habeas petition to be meritless because Pennsylvania Parole Board was not required to provide petitioner with a parole violation hearing until he completed his federal sentence, and therefore, issuance of parole detainer and failure to conduct a hearing within 120 days of its issuance or petitioner's federal sentencing did not deprive petitioner of any constitutionally-protected rights), *report and recommendation adopted sub nom.* Sellers v. Pa. Bd. of Prob. & Parole, Civ. A. No. 19-4666, 2021 WL 1105337 (E.D. Pa. Mar. 23, 2021).

Johnson also contends that the imposition of the detainer and delay in executing the warrant denies him the opportunity to participate in prison rehabilitation or re-entry programs. To the extent he seeks to allege a due process violation on this basis, he has failed to allege a plausible claim. The

Supreme Court has held that the Due Process Clause is not implicated by "prisoner classification and eligibility for rehabilitative programs," even where an inmate suffers "grievous loss," because "Congress has given federal prison officials full discretion to control these conditions of confinement." See Moody, 429 U.S. at 88 n.9. In Moody, the Court held that the petitioner had no legitimate statutory or constitutional entitlement sufficient to invoke due process. Id.

In this case, absent a protected liberty interest, Johnson cannot maintain a due process claim regarding his prison classification due to the existence of the detainer. See Bailey v. Ebbert, Civ. A. No. 15-1554, 2016 WL 11612608, at *2 (M.D. Pa. Aug. 5, 2016) (noting that federal inmate has no constitutional right to a particular classification) (citing Moody, 419 U.S. at 88 n.9); see also Zavalunov v. Fed. Bureau of Prisons, Civ. A. No. 19-453, 2020 WL 2036722, at *11 (M.D. Pa. Apr. 28, 2020) (federal inmate did not have due process right to participation in rehabilitative program); Garcia-Hernandez v. Dept of Homeland Sec., Civ. A. No. 19-222, 2021 WL 640859, at *2 (W.D. Pa. Jan. 20, 2021) (Congress has given federal prison officials full discretion to control prisoner classification and eligibility for rehabilitative programs in the federal system and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process); Mathis v.

Kauffman, Civ. A. No. 19-1377, 2019 WL 4594105, at *3 (M.D. Pa. Sept. 20, 2019) (denying habeas relief because petitioner had no protectable liberty interest in his prisoner classification, qualification for rehabilitative programs, or early release and thus could not show a constitutional deprivation as a result of the existence of the parole violator detainer); Springer v. United States, Civ. A. No. 10-967, 2010 WL 4235472, at *4 (D.N.J. Oct. 20, 2010) (collateral consequences of a detainer, such as denial of the opportunity to participate in prison rehabilitation programs, do not rise to the level of a constitutional deprivation for which habeas relief can be granted); Velazquez v. United States Parole Comm'n, Civ. A. No. 08-0841, 2009 WL 3287387, at *5 (M.D. Pa. Oct. 13, 2009) (rejecting habeas petitioner's claim that due process rights were violated due to detainer and previously unexecuted warrant adversely affecting his prison classification and his ability to participate in certain institutional programs because petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process).

The Court having found the Petitioner was not deprived of due process as a result of the detainer and delay in receiving a parole revocation hearing or the collateral consequences of that delay, his present incarceration is lawful, and the Court will deny his request for habeas relief for lack of merit.

## III.  <u>Conclusion</u>

Based upon the foregoing, the petition for a writ of habeas corpus under 28 U.S.C. §2241 will be denied for lack of merit.

A separate Order will be issued.


<u>s/ Malachy E. Mannion</u>
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 5, 2022**
21-0322-01